Filed 12/27/22  N.A. v. L.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| N.A., | C095047 |
| Plaintiff and Appellant, | (Super. Ct. No. STAFLPAT20090009265) |
| v. | |
| L.S., | |
| Defendant and Respondent; | |
| S.S. et al., | |
| Respondents. | |

Petitioner and appellant N.A. appeals from an order awarding primary physical custody of his son, J., to K.S. and S.S., J.'s maternal grandparents.[1]  N.A. contends that

---

[1] Pursuant to California Rules of Court, rule 8.90(b)(1)(10), we refer to the parties by their initials.

the trial court (1) failed to comply with Family Code[2] section 3041, governing an award of custody to a nonparent over the objection of a parent, (2) abused its discretion in finding that an award of primary physical custody to J.'s maternal grandparents was in J.'s best interest, and (3) erred in admitting a recording of a telephone call.

We agree with the first contention and therefore do not reach the others.

BACKGROUND

On December 9, 2014, the trial court issued an order awarding joint custody of J. evenly split between N.A., J.'s father, and K.S. and S.S., the parents of J.'s mother, L.S. The order provided that N.A. would have custody on alternate weekends and weekdays from Wednesday to Friday. The order further provided that its terms and conditions could be changed, as the needs of the child and parents changed, by filing a written request with the trial court.

On August 26, 2020, K.S. and S.S. filed a request for an order changing custody. In a supporting declaration, K.S. stated that the current joint custody arrangement called for N.A. and J.'s maternal grandparents to split physical custody of J. during the school week. J. had been attending a charter school in Tracy. J.'s maternal grandparents sought a modification so that J. would continue to attend this school but stay with them for the entire school week, Monday through Friday.

On October 14, 2020, N.A. filed his own request for an order awarding primary legal and physical custody of J. to N.A. N.A. sought to change J.'s school to Happy Valley, Oregon, where N.A. owned a home.

The trial court set a two-day trial for June 2021. In his trial brief, N.A. stated that he was seeking to modify custody so that J. would reside primarily with N.A. and attend

---

[2] Undesignated statutory references are to the Family Code.

2

school near home, either in Happy Valley, Oregon or, alternatively, at a private school in the Bay Area.

On June 22 and 23, 2021, the trial court conducted a bench trial on the parties' claims for modification of the custody arrangement. The parties stipulated to admission of each side's exhibits, the trial court took judicial notice of the entire file, and numerous witnesses testified. We do not recite the evidence presented at trial, which is unnecessary to the issues on appeal.

On August 2, 2021, the trial court issued an order after hearing, stating: "The Court finds that it is in [J.'s] best interest to remain primarily in the custody of claimants [J.'s maternal grandparents] in San Joaquin County and continue attending the Tracy Learning Center." The trial court further stated: "[T]he Court finds by clear and convincing evidence that it is in [J.'s] best interest to remain living primarily with claimants [J.'s maternal grandparents] and to remove him from [their] home during the week while he attends school would be detrimental to [J.] as described in Family Code [section] 3041[, subdivision ](c)."

On August 19, 2021, the trial court issued a final statement of decision and order to the same effect. On October 7, 2021, N.A. filed a timely notice of appeal.

## DISCUSSION[3]

N.A. contends that the trial court did not apply section 3041, subdivision (a) "on the mistaken grounds that [N.A.'s] original stipulated agreement to joint custody in 2014 forever waived [N.A.'s] rights to the application of Section 3041." N.A. points to the portion of the court's order where the trial judge ruled: "The court is in agreement with Claimant's [J.'s maternal grandparents'] attorney that Petitioner Father [N.A.] withdrew his objection under [section] 3041 in 2014 when he dropped his request for trial and

---

[3] Respondents did not file a brief. Where a respondent fails to file a brief on appeal, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).)

3

agreed to share physical custody with Claimants. By agreeing that Claimants and Petitioner would have shared custody, the Petitioner waived his objection under [section] 3041 at that time."

We agree the trial court erred in ruling that N.A. waived section 3041. Section 3041 provides in relevant part that "[b]efore making an order granting custody to a person other than a parent, over the objection of a parent, the court shall make a finding that granting custody to a parent would be detrimental to the child and that granting custody to the nonparent is required to serve the best interest of the child." (§ 3041, subd. (a).) "[A] finding that parental custody would be detrimental to the child shall be supported by clear and convincing evidence." (§ 3041, subd. (b).)

Thus, "[b]efore granting custody to a nonparent over parental objection, the court must find 'clear and convincing evidence' that 'granting custody to a parent would be detrimental to the child and that granting custody to the nonparent is required to serve the best interest of the child.' " (*Guardianship of Ann S.* (2009) 45 Cal.4th 1110, 1123 (*Anne S.*); *Guardianship of Vaughan* (2012) 207 Cal.App.4th 1055, 1070.)

N.A. correctly cites *Erika K. v. Brett D.* (2008) 161 Cal.App.4th 1259, 1270 as contrary to the court's statement that N.A. had waived the statute. In *Erika K.*, the mother argued that section 3041 did not apply to her effort to regain custody of her daughter because the daughter was originally sent to a nonparent by mutual agreement. (*Erika K.*, at pp. 1265, 1270.) The court found no "merit in Mother's argument that Family Code section 3041, subdivisions (a) and (c) are inapplicable to a child who originally came into the care of the nonparent as a result of a consensual arrangement. Section 3041 makes no such distinction, and we find no basis in policy to imply an exception for consensual foster care." (*Id.* at p. 1270.)

In addition, while N.A. may have consented to the 50-50 arrangement in 2014, N.A. did object to a change in custody awarding primary custody to J.'s maternal grandparents. Thus, any waiver of section 3041 by N.A.'s consent in 2014 to a 50-50

arrangement did not apply to the 2020 request for modification to award primary custody to J.'s maternal grandparents.

However, as mentioned, notwithstanding the trial court's statement that section 3041 did not govern its decision, the court found "by clear and convincing evidence" that it would be detrimental for J. to split custody during the school week.  While the trial court thus invoked section 3041, it still failed to apply the statute, which by its terms requires a finding that *an award of custody to N.A.* would be detrimental to J., in order to modify the custodial arrangement in favor of J.'s maternal grandparents.  (*In re B.G.* (1974) 11 Cal.3d 679, 698-699 (*B.G.*); *Ann. S.*, *supra*, 45 Cal.4th at p. 1123.)

In *B.G.*, the California Supreme Court considered Civil Code section 4600, the predecessor to Family Code section 3041, which required before awarding custody to a nonparent without the consent of the parents " 'a finding that an award of custody to a parent would be detrimental to the child, and the award to a nonparent is required to serve the best interests of the child.' " (*B.G., supra*, 11 Cal.3d at p. 695, italics omitted.)[4]  The court said:  "As enacted, [Civil Code] section 4600 expressly recognizes that custody should be awarded to parents in preference to nonparents.  As between parents, it permits the court to award custody 'according to the best interests of the child,' but in a dispute between a parent and a nonparent, the section imposes the additional stipulation that an award to the nonparent requires a finding that 'an award of custody to a parent would be detrimental to the child.' " (*Id.* at p. 698.)  The court in *B.G.* quoted with emphasis the legislative history of Civil Code section 4600:  "*The important point is that the intent of the Legislature is that the court consider parental custody to be highly preferable. Parental custody must be clearly detrimental to the child before custody can be awarded to a nonparent.*  [Citation.]" (*B.G.*, at p. 698.)  Thus, the former Civil Code section 4600

---

[4] Family Code section 3041 is a recodification of former Civil Code section 4600, subdivision (c).  (*Guardianship of Stephen G.* (1995) 40 Cal.App.4th 1418, 1423-1424.)

permitted a trial court "to award custody to a nonparent against the claim of a parent only upon a clear showing that such award is essential to avert harm to the child. A finding that such an award will promote the 'best interests' or the 'welfare' of the child will not suffice." (*B.G.*, at p. 699.)

Here, the trial court failed to make a specific finding that an award of primary custody to N.A. would be detrimental to J. The court's finding that splitting the school week between N.A. and J.'s maternal grandparents was detrimental to J. is not a finding that an award of custody to N.A. would be detrimental to J. This is especially true since N.A. also sought to end split custody during the school week. Therefore, the court erred in failing to make a finding required by section 3041 in order to award custody to nonparents over a parent's objection. (*B.G., supra*, 11 Cal.3d at p. 699.)

To be sure, the trial court referred in its order the detriment to J. "as described" in section 3041, subdivision (c). However, that provision does not support a modification of the joint custody arrangement—in fact to the contrary. Section 3041, subdivision (c), provides: "As used in this section, 'detriment to the child' includes the harm of removal from a stable placement of a child with a person who has assumed, on a day-to-day basis, the role of the child's parent, fulfilling both the child's physical needs and the child's psychological needs for care and affection, and who has assumed that role for a substantial period of time. A finding of detriment does not require a finding of unfitness of the parents." Under this provision, detriment to the child "may be based on the prospect that a successful, established custodial arrangement would be disrupted." (*Ann S., supra*, 45 Cal.4th at p. 1123; *Guardianship of L.V.* (2006) 136 Cal.App.4th 481, 495.) In this instance, the court's order disrupted a custodial arrangement that had existed for six years.

We conclude the trial court's error was prejudicial. (See *B.G., supra*, 11 Cal.3d at p. 699.) Rather than consider detriment to J. if N.A. were awarded custody, the trial court focused on N.A.'s disputes with J.'s maternal grandparents. The court acknowledged that

6

N.A. could provide J. a suitable home, a school that offered a good education, and family and friends who love and support him. Nonetheless, the court expressed concern about N.A.'s "inappropriate" behavior toward J.'s maternal grandparents, citing outrageous allegations that N.A. volleyed at K.S., S.S., and their legal counsel. None of this behavior, however, was directed at J. Ultimately, the court concluded it was not in J.'s best interest to reside with his father and J.'s grandmother had J.'s best interest at heart. This is insufficient. (*Ibid.*)

On remand, the trial court may conclude—as the court in fact suggested—that awarding custody to N.A. would be detrimental to J., given the psychological impact on J. of N.A.'s behavior towards others. However, we are not convinced that the trial court would have made the same decision had it not disregarded the standard prescribed by section 3041. In any event, N.A. is entitled to a finding by clear and convincing evidence that an award of custody to J.'s maternal grandparents "is essential to avert harm to the child," before the custody arrangement may be modified in their favor. (*B.G., supra,* 11 Cal.3d at p. 699.)

## DISPOSITION

The order modifying custody of J. is reversed. The case is remanded to the trial court to issue an order based on the standard set forth in Family Code section 3041.


                                             /s/
                                   BOULWARE EURIE, J.

We concur:


      /s/
HULL, Acting P. J.


      /s/
MAURO, J.